IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID ALLEN NEW                                                                                          PLAINTIFF

v.                                            Case No. 5:12-CV-05197

DALE DENVER                                                                                              DEFENDANT

**ORDER**

  Currently before the Court is Defendant Dale Denver's Motion for Summary Judgment (Doc. 9) and supporting documents, Plaintiff David Allen New's Response (Doc. 16) and supporting documents, and Defendant Denver's Reply (Doc. 19).  Mr. Denver moves for summary judgment as to Mr. New's claims for violation of his Fourth and Fourteenth Amendment rights by unlawfully arresting him without probable cause.  Mr. Denver argues that Mr. New has failed to establish a constitutional violation, as Mr. New's arrest was supported by probable cause.  Alternatively, Mr. Denver argues that he is entitled to qualified immunity, even if he was mistaken in his belief that the leaves he found in Mr. New's car were marijuana.

  In determining whether summary judgment is appropriate, the burden is on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts.  *Canada v. Union Elec. Co.,* 135 F.3d 1211,  1212-13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)).

  The Court, having reviewed the parties' briefings, finds that Mr. Denver has not established an absence of a genuine dispute of material fact as to Mr. New's claims.  Mr. Denver's arguments

that he is entitled to summary judgment and/or qualified immunity are based on his own averments that, based on his law-enforcement training, he determined that the leaves in Mr. New's car were marijuana. Essentially, Mr. Denver would have the Court make a credibility determination crediting Mr. Denver's assertions as true in the face of contrary evidence—a negative lab result and the contrary averments of Mr. New. At the summary judgment stage, the Court is prohibited from making such credibility determinations. *Morris v. Zefferi*, 601 F.3d 805, 808 (8th Cir. 2010). An issue of fact remains as to whether Mr. Denver had probable cause to arrest Mr. New. Although qualified immunity may be granted on the basis of the existence of arguable probable cause, the Court finds that issues of fact remain as to whether Mr. Denver truly made an honest or objectively reasonable mistake in believing the leaves to be marijuana. *Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013) ("Arguable probable cause exists . . . where an officer mistakenly arrests a suspect believing it is based in probable cause *if the mistake is objectively reasonable*." (emphasis added and quotations omitted)).

The Court finds it notable that, although there were two other officers at the scene of the arrest, apparently only Mr. Denver examined the leaves. And, although the forensic chemist's affidavit leaves open the possibility that a substance may test negative for THC and still be marijuana, it certainly falls short of stating that the substance was, in fact, marijuana or could reasonably have been believed to be marijuana. Mr. Denver argues that Mr. New cannot prove that the leaves found in his car were not marijuana leaves. The Court notes that such proof is not required of Mr. New in order to defeat summary judgment and, in any event, such proof would presumably be very difficult for Mr. New to obtain since the leaves were confiscated by Mr. Denver at the time of arrest.

The Court, in viewing the evidence in a light most favorable to Mr. New and in giving Mr. New the benefit of any inferences drawn from those facts, finds that genuine disputes of material fact

remain, precluding an entry of summary judgment in Mr. Denver's favor.

  IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 9) is DENIED.

  IT IS SO ORDERED this 16th day of October, 2013.

                  /s/ P. K. Holmes, III
                  P.K. HOLMES, III
                  CHIEF U.S. DISTRICT JUDGE